**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

GKC STRATEGIC VALUE MASTER )
FUND, LP F/K/A GKC APPRAISAL )
RIGHTS MASTER FUND, LP AND )
WALLEYE TRADING LLC, )
)
         Petitioners, )
)
   v. )  C.A. No. 2017-0769-SG
)
BAKER HUGHES INCORPORATED, )
)
         Respondent. )

## MEMORANDUM OPINION

Date Submitted: March 20, 2019
Date Decided: June 25, 2019

Ned Weinberger and Thomas Curry, of LABATON SUCHAROW LLP, Wilmington, Delaware; OF COUNSEL: Eric J. Belfi, Ira A. Schochet, and David J. Schwartz, of LABATON SUCHAROW LLP, New York, New York, *Attorneys for Petitioners*.

Kevin M. Coen and Sabrina M. Hendershot, of MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware; OF COUNSEL: Arthur F. Golden, Andrew Ditchfield, and Andrew S. Gehring, of DAVIS POLK & WARDWELL LLP, New York, New York, *Attorneys for Respondent*.

John D. Hendershot and Susan M. Hannigan, of RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware; OF COUNSEL: Paula Anderson and Alan Goudiss, of SHEARMAN & STERLING LLP, New York, New York, *Attorneys for Third-Party General Electric Company*.

Mark Lebovitch, of BERNSTEIN LITOWITZ BERGER & GROSSMAN LLP, New York, New York, *Attorney for Non-Party Tri-State Joint Fund*.


GLASSCOCK, Vice Chancellor

I have noted in a past decision[1] the disturbingly convincing frequency fallacy known rather jocularly as the Baader-Meinhof phenomenon. That fallacy represents the perception that, once something first comes to our attention, references to that thing appear with surprising regularity thereafter. The fallacy, of course, results not from increased frequency of the references, but from our newly-created aptitude, once aware, to pick those references out of the background noise of life. One should, therefore, not ascribe much significance to the phenomenon. Nonetheless, when as a judge I am called on to deliver multiple opinions on a formerly-dormant issue in a short period of time, I find it hard not to conclude that issue is generally of increasing relevance outside of my own docket.

Such an issue is presented in this Memorandum Opinion. The matter is before me on a challenge to the confidential treatment of pleadings and exhibits to those pleadings, filed in a settled-and-closed—now reopened—appraisal action. The exhibits, as is permitted by rule,[2] were filed confidentiality. The challenge, also by rule,[3] resulted in a duty on the original filer of the exhibits to submit, within ten days, a public version of the documents, redacting only those parts that the original filer and interested parties believe in good faith are subject to the narrow exception to the

---

[1] *Fotta v. Morgan*, 2016 WL 775032, at *1 n.1 (Del. Ch. Feb. 29, 2016).
[2] Ct. Ch. R. 5.1(d)(2).
[3] Ct. Ch. R. 5.1(f).

rule that proceedings in this Court are open to public scrutiny.[4]  Here, the parties seeking continued confidentiality—Baker Hughes, a GE Company LLC ("BHGE") and Third-Party General Electric Company ("GE") (together, the Respondents)— filed what amounts to a parody of public versions of the exhibits; documents that are pied displays of blackened rectangles against a white background, entirely unintelligible to the "reader."

The Respondents argue that, because Non-Party Tri-State Joint Fund ("Tri-State Fund" or the "Challenger") has a litigation purpose instead of a "public interest"—whatever that may be—in the documents, Rule 5.1 is essentially inapplicable.  Therefore, they have forgone the opportunity to file public versions containing good faith redactions under the Rule.  This is a litigation tactic that the Respondents have chosen to pursue.  I am sure, and nothing in this Memorandum Opinion should be read to the contrary, that the Respondents pursued this tactic in good faith; however, the choice of such a tactic has consequences.  Because I determine that, under Rule 5.1, the particular reason for the challenge is irrelevant to the Respondents' duty to produce a public version, it is clear to me that the Respondents are not in compliance with Rule 5.1.

---

[4] Ct. Ch. R. 5.1(b)(1) ("A Document shall receive Confidential Treatment only if and to the extent that it contains Confidential Information.").

I note that the Respondents propose that, if (as is the case) I find Rule 5.1 applicable, they should be given a second chance to file public versions of the documents containing only good faith redactions. Rule 5.1, however, requires that precise thing to have been done within ten days. The Respondents could have—but did not—seek relief from the time requirement, citing, for instance, the amount of material subject to review. Instead, the Respondents chose to attempt to keep the documents entirely from public view, despite the prior submission of the documents to the Court for review in connection with a request for judicial action. That, I find, is not contemplated by Rule 5.1. Having chosen the litigation road by which they hoped to preserve complete confidentiality, the Respondents cannot turn back; they have passed the fork that led to compliant redacted public versions of the documents at issue.

Rule 5.1 was created to accommodate a minor exception to a truism, that in a free and democratic society courts must conduct their business in the open, subject always to scrutiny by the public that these courts serve.[5] In very limited situations, pleadings and exhibits thereto contain information so personal to a party, and of such tangential public interest, that the information should be withheld in the interest of

---

[5] Ct. Ch. R. 5.1(a) ("General principle of public access. -- Except as otherwise provided in this Rule, proceedings in a civil action are a matter of public record. All pleadings and other materials of any sort, including motions, briefs, letters, affidavits, exhibits, deposition transcripts, answers to interrogatories, answers to requests for admissions, and hearing transcripts, that are filed with the Register in Chancery, provided to the Court, or otherwise part of the record in a civil action ('Documents') shall be available for public access.").

justice. In such a situation, it would be a denial of justice to put the party to the Morton's Fork of withholding confidential material from the Court—thereby forgoing justice upon a complete record—or ceding their legitimate privacy interests via a public filing. Rule 5.1 accommodates those rare instances by setting forth a procedure whereby the party interested in confidentiality may designate such matters, in which case this Court conducts a balance of the public and private interests, with a tie going to disclosure. Where litigants fail to comply with the strictures of Rule 5.1, the default—litigation in the public view—obtains.

The Respondents have failed to comply with Rule 5.1. As a result, the exhibits in contention here shall be made available to the public. This renders the issue of the continued redactions in the motions at issue moot, since they preserve only the confidentiality of information available in the exhibits. Therefore, unredacted versions of those pleadings shall be made available to the public as well. To the extent the exhibits contain privileged, as opposed to allegedly confidential, information, the confidential versions originally filed with the Court already contain appropriate redactions, and those shall continue in the public versions. To the extent the Respondents' concern is that the information disclosed may lead—as the Challenger hopes—to a viable plenary action against the Respondents, avoidance of that consequence is not a legitimate aim of the confidentiality regime set out in Rule 5.1.

Finally, I note that the Respondents argue that allowing exhibits to pleadings to be subject to the challenge sought here will lead to the wholesale conversion of Rule 5.1 into a discovery tool, in contravention of what they characterize as its narrow purpose: promotion of public access. Worse, according to Respondents, is the fact that they are the victims here of a growing pernicious practice of plaintiffs filing sensitive but non-pertinent exhibits, with the idea that they may later be made public. Respondents note that it was the Petitioners in the appraisal action, and not the Respondents, who filed the exhibits. They maintain that these exhibits were of peripheral relevance to three motions, only one of which was decided by the Court before settlement, and thus are of little interest to the public overseeing proceedings in this forum.

In my view, the Respondents understanding of the purpose of Rule 5.1 is misplaced: the purpose of Rule 5.1 is *not* to provide public access; it is to allow a limited exception to universal public access.[6] I agree that the documents here are of relatively low public interest, at least insofar as that interest relates to monitoring of the judicial function. That would be an appropriate matter for the weighing of interests with which the Court is charged under Rule 5.1, in which any

---

[6]After Oral Argument, I withheld decision from the bench and allowed supplemental memoranda concerning proper purpose and Rule 5.1. I did, however, indicate strongly in the transcript that I leaned toward the Respondents' view of the proper scope of the Rule. Mar. 31, 2019 Oral Arg. Tr. 21:1–22:20. Reflection, together with a close reading of Rule 5.1 itself, has caused me to change my view, as set forth in this Memorandum Opinion.

gamesmanship anticipated by the Respondents can be taken into the balance. I do not, however, address this weighing here because of the Respondents' failure to comply with the predicate duty under Rule 5.1 to file a public version upon challenge, redacting only material judged in good faith to require confidentiality. My reasoning follows.

## I. BACKGROUND

### A. The Challenge to Confidential Treatment

On November 21, 2018, this Court received a letter from Tri-State Fund, through its New York counsel, challenging the confidential treatment of filings and exhibits in this case.[7] This case had been closed months earlier after I granted the parties' Stipulation and Proposed Order of Dismissal on July 20, 2018.[8] The underlying litigation involved an appraisal action, which followed the business combination of Baker Hughes Incorporated ("BHI") with General Electric Company's Oil & Gas Business ("GE O&G").[9] BHI was subsequently converted into a new Delaware limited liability company, BHGE.[10] The appraisal action ended in a settlement between the appraisal Petitioners (the "Petitioners") and BHI.[11] Tri-State Fund was purportedly a stockholder of BHI at the time of BHI's business

---

[7] D.I. 65.
[8] D.I. 64.
[9] Verified Pet. for Appraisal of Stock, ¶ 6.
[10] *Id.*
[11] D.I. 64.

6

combination.[12]  By its own admission, Tri-State Fund seeks to investigate, through its challenge to the confidential treatment of filings and exhibits here, that business combination for potential fraud.[13]

### B. Court of Chancery Rule 5.1 and the Response to the Challenge

In response to Tri-State Fund's November 21, 2019 challenge to confidential treatment, BHGE, as the successor to BHI, and Third-Party GE have filed Motions for Continued Confidential Treatment of all the redacted filings and of all the exhibits filed under seal.[14]  BHGE and GE contend that Tri-State Fund's private purpose to enhance its litigation interest is improper and therefore fatal to Tri-State Fund's success on a Court of Chancery Rule 5.1(f) challenge to confidential treatment.[15]  The sealed information for which GE and BHGE wish to preserve confidentiality falls into two categories, each governed by a different subsection of Rule 5.1(f).

Rule 5.1(f)(1) governs confidential filings for which Rule 5.1(d) did *not* require the filing of a public version,[16] such as (and pertinent here) exhibits.[17]  Once

---

[12] D.I. 65.

[13] *See* D.I. 84, ¶ 2.

[14] *See* D.I. 66; D.I. 68; D.I. 71; D.I. 72.

[15] *See, e.g.*, D.I. 68, ¶ 2 ("The stockholder's reason for filing this challenge has nothing to do with the purpose of Rule 5.1 . . . . [BHGE] respectfully submits that the Court should reject this improper use of Rule 5.1 and grant [BHGE's] motion for continued confidential treatment of the redacted and sealed information.").

[16] Ct. Ch. R. 5.1(f)(1).

[17] Ct. Ch. R. 5.1(d)(2).

challenged, the original filer of the confidential filing, after providing notice and opportunity for others to designate information as confidential, must file a public version of the confidential filing within ten days of the filing of the challenger's notice.[18] Once the public filing is available, the confidential treatment of information within the public filing may be challenged.[19] On December 6, 2018, GE and BHGE both filed Motions for the Continued Confidential Treatment of the following exhibits (which constitute all the exhibits filed under seal in this case) previously filed under seal (the "Sealed Exhibits"):[20] (1) Exhibits 11, 13, and 14 to Petitioners' April 13, 2018 Reply in Further Support of Their Motion to Compel Production of Documents and Responses to Interrogatories;[21] (2) Exhibits B, C, D, G, H, I, and J to Petitioners' May 1, 2018 Letter Memorandum in Support of Motion to Compel;[22] (3) Exhibits 1–4 to Petitioners' May 7, 2018 Reply Letter

---

[18] Ct. Ch. R. 5.1(f)(1). The original filer must provide notice to "each attorney who has entered an appearance for each person who designated Confidential Information in the Confidential Filing." *Id.* "If no one has designated additional Confidential Information within 10 days of the filing of the challenger's notice, then the filer shall file the filer's public version; otherwise the filer shall file a public version that redacts the filer's Confidential Information and any Confidential Information designated in response to the filer's notice." *Id.* Here, the Respondents not only designated confidential material, they undertook the filings as well.

[19] Ct. Ch. R. 5.1(f)(1).

[20] *See* D.I. 71; D.I. 72. For simplicity, I have combined GE and BHGE's lists of exhibits filed under seal for which they seek continued confidential treatment.

[21] D.I. 27.

[22] D.I. 34. The Petitioners' May 1, 2018 Letter Memorandum in Support of Motion to Compel was filed confidentially on May 1, 2018, and a public unredacted version was filed on May 8, 2018. *See* D.I. 34; D.I. 39.

Memorandum in Support of Motion to Compel;[23] and (4) Exhibits A–G to Petitioners' July 6, 2018 Motion to Enforce the Court's May 8, 2018 Order Compelling Production of Documents.[24]  In response to the Challenger's notice, BHGE and GE filed purported "public" versions of the Sealed Exhibits within the time required by Rule 5.1(f)(1), on December 6, 2018.[25]  These public versions are entirely obscured.[26]

Rule 5.1(f)(2) governs confidential filings for which a public version is already accessible.[27]  In that case, "any person may seek continued Confidential Treatment of the Confidential Information redacted from the public version by filing a motion within five days after the filing of a challenger's notice."[28]  The filing of a motion for continued confidential treatment "constitutes a certification that the signer of the motion personally reviewed the Confidential Filing and that continued Confidential Treatment is appropriate."[29]  On November 29, 2018, GE and BHGE separately filed for the continued confidential treatment of the redactions made to

---

[23] D.I. 37.  The Petitioners' May 7, 2018 Reply Letter Memorandum in Support of Motion to Compel was filed confidentially on May 7, 2018, and a public redacted version was filed on May 14, 2018.  *See* D.I. 37; D.I. 41.

[24] D.I. 56.  The Petitioners' Motion to Enforce the Court's May 8, 2018 Order Compelling Production of Documents was filed confidentially on July 6, 2018, and a public redacted version was filed on July 13, 2018. *See* D.I. 56; D.I. 62.

[25] *See* D.I. 73–80.

[26] *See* D.I. 73–80.

[27] Ct. Ch. R. 5.1(f)(2).

[28] *Id.*

[29] *Id.*

public versions of three confidentially filed documents (the "Redacted Filings"):[30] (1) Petitioners' April 13, 2018 Reply in Further Support of Their Motion to Compel Production of Documents and Responses to Interrogatories;[31] (2) BHI's May 4, 2018 Letter Memorandum in Response to Petitioners' Motion to Compel;[32] and (3) Petitioners' July 6, 2018 Motion to Enforce the Court's May 8, 2019 Order Compelling Production of Documents.[33]

The Redacted Filings and the Sealed Exhibits relate to one of three motions, all filed by the Petitioners in the appraisal action. On March 8, 2018, the Petitioners filed a Motion to Compel Production of Documents and Responses to Interrogatories (the "Motion to Compel").[34] The Motion to Compel was fully briefed, and I heard Oral Argument by telephone on March 18, 2018. I did not, however, decide the Motion to Compel at that point; instead, the parties engaged in a meet-and-confer after the Oral Argument and resolved the majority, but not all, of their disputes.[35] On May 1, 2018, the Petitioners then submitted a Letter Memorandum in Support of the Motion to Compel which addressed the disputes detailed in the Motion to

---

[30] For simplicity, I have combined GE and BHGE's lists of documents with redactions for which they seek continued confidential treatment. *See* D.I. 66; D.I. 68. The three documents listed encompass all the pleadings which were filed confidentially and for which a public version was filed with redactions. Several other pleadings were filed confidentially, but the public versions contained no redactions. *See* D.I. 39; D.I. 41.

[31] D.I. 27 (confidential version); D.I. 30 (publicly filed version).

[32] D.I. 36 (confidential version); D.I. 43 (publicly filed version).

[33] D.I. 56 (confidential version); D.I. 62 (publicly filed version).

[34] D.I. 19.

[35] D.I. 31.

10

Compel that had not been resolved during the meet-and-confer (the "Further Motion to Compel").[36] BHI replied by letter memorandum[37] and the Petitioners submitted a letter memorandum in further support.[38] I heard Oral Argument by telephone on May 8, 2018. In a Bench Decision, I largely ordered production with respect to the documents at issue, with certain caveats.[39] On July 6, 2019, the Petitioners filed a Motion to Enforce the Court's May 8, 2018 Order Compelling Production of Documents (the "Motion to Enforce").[40] On the same day, the Petitioners filed a Notice of Challenge to Confidential Treatment of the exhibits they had filed confidentially in conjunction with their Motion to Enforce.[41] On July 13, 2018, the Petitioners withdrew their Motion to Enforce and their Notice of Challenge—presumably in light of settlement negotiations.[42] As a result, I did not decide the Motion to Enforce or the Challenge to Confidential Treatment. On July 18, 2018, as mentioned, the parties submitted a Stipulation and Proposed Order of Dismissal, which I granted.

Pursuant to Rule 5.1(f), Tri-State Fund filed oppositions to GE's and BHGE's Motions for Continued Confidential Treatment.[43] I heard Oral Argument on the

---

[36] D.I. 34 (confidential version); D.I. 39 (publicly filed version, with no redactions).
[37] D.I. 36 (confidential version); D.I. 43 (publicly filed version, with redactions).
[38] D.I. 37 (confidential version); D.I. 41 (publicly filed version, with no redactions).
[39] May 8, 2018 Oral Arg. Tr. 3:23–9:23.
[40] D.I. 56 (confidential version); D.I. 62 (publicly filed version, with redactions).
[41] D.I. 57.
[42] D.I. 61.
[43] D.I. 83; D.I. 86.

11

Motions by telephone on February 28, 2019. I also received supplemental letters on March 15, 2019 and March 20, 2019,[44] after which I considered the matter submitted for decision.

## II. ANALYSIS

Tri-State Fund has been forthcoming with regard to its private purpose for challenging confidential treatment. Nonetheless, its motivation is irrelevant to whether Rule 5.1 applies. Court of Chancery Rule 5.1(f) is clear, "[a]ny person may challenge the Confidential Treatment of a Confidential Filing . . . ."[45] After such challenge, information designated confidential may be maintained as confidential where "good cause" exists.[46] Good cause "shall exist only if the public interest in access to Court proceedings is outweighed by the harm that public disclosure of sensitive, non-public information would cause."[47] Rule 5.1 therefore requires a balancing test between the public interest in disclosure and the private harm caused by disclosing that small of amount of information designated confidential.[48] The private interest, if any, of the particular party challenging the confidential treatment

---

[44] D.I. 91; D.I. 92.
[45] Ct. Ch. R. 5.1(f).
[46] Ct. Ch. R. 5.1(b)(1).
[47] Ct. Ch. R. 5.1(b)(2).
[48] I say small amount of information because the type of information that can receive confidential treatment is limited. Court of Chancery Rule 5.1 provides an illustrative list of information that *may* qualify as confidential information; that list includes "trade secrets; sensitive proprietary information; sensitive financial, business, or personnel information; sensitive personal information such as medical records; and personally identifying information such as social security numbers, financial account numbers, and the names of minor children." Ct. Ch. R. 5.1(b)(2).

12

of information may, perhaps, have some weight in the court's ultimate balance, but elucidation by the challenger of a "proper" or "public" purpose is not a predicate to the operation of Rule 5.1.

Open litigation is the default in the Court of Chancery.[49] Confidentiality is the exception, and not the rule. To come under that exception, the parties must punctiliously and faithfully comply with Rule 5.1.[50]

Rule 5.1 did not require the parties to file public versions of the Sealed Exhibits at the time of original filing—that is, at the time the three motions referenced above were briefed with attached exhibits.[51] Once confidential treatment of the Sealed Exhibits was challenged, however, the original filer had an obligation to file public versions, which also incorporate the designation, if any, of confidential information by the other parties to the action who had previously designated confidential information in the confidential filing.[52] As an initial matter, all the Sealed Exhibits were originally filed by the Petitioners in the underlying appraisal action, and therefore those Petitioners had the obligation to file public versions.[53] The Petitioners also had the obligation to provide notice and opportunity to designate

---

[49] *See* Ct. Ch. R. 5.1(a).
[50] *See* Ct. Ch. R. 5.1(d) (providing that the failure to timely file a public version of a confidential filing results in the public release of the confidential filing).
[51] *See* Ct. Ch. R. 5.1(d)(2) ("For administrative convenience, the filer need not file a public version of documentary exhibits or deposition transcripts.").
[52] Ct. Ch. R. 5.1(f)(1).
[53] *Id.*

confidential information to "each attorney who has entered an appearance for each person who designated Confidential Information in the Confidential Filing;"[54] here, that would be attorneys representing BHGE.[55] Instead, it was BHGE itself (and Third-Party GE) that filed the purported public versions of the Sealed Exhibits.

In any event, the public versions of the Sealed Exhibits submitted by GE and BHGE on December 6, 2019 suffer from a fundamental flaw. The public versions do not contain redactions of material that the Respondents consider, in good faith, to be subject to continued treatment as confidential under Rule 5.1. Instead, the exhibits are entirely blacked out; not a single word is legible. Such redaction is presumptively not in good faith compliance with Rule 5.1. GE and BHGE acknowledged that they filed public versions that "have been redacted in their entirety."[56] According to BHGE, it did so because Tri-State Fund's purpose was "self-serving, private, and unrelated to the function served by Rule 5.1."[57] GE and BHGE further requested an "opportunity to promptly file alternative public versions of the exhibits with redactions targeted at sensitive, non-public information," if I denied their Motions for Continued Confidential Treatment of the Sealed Exhibits.[58]

---

[54] *Id.*
[55] BHGE is the successor to the original designee, BHI.
[56] D.I. 71, ¶ 2; D.I. 72, ¶ 8.
[57] D.I. 71, ¶ 2.
[58] D.I. 71, ¶ 2; D.I. 72, ¶ 8.

As I mentioned above, Tri-State Fund's motivation is immaterial to BHGE's duty to designate confidential information under Rule 5.1, and to ensure that the redacted public document reflects only these confidentiality interests. Accordingly, I do not reach the balancing test prescribed by Rule 5.1 because BHGE (and GE) have failed to comply with the predicate requirements. As Rule 5.1 states, "the designation of material as Confidential Information constitutes a certification that the designating lawyer, party or person has reviewed the Document and believes that good cause exists for Confidential Treatment."[59] Not only are wholesale redactions facially suspect in this regard, but by GE's and BHGE's own admissions the entirely redacted public versions are not in compliance with Rule 5.1 because they have not redacted only "sensitive, non-public information,"[60] but rather concealed everything. I note that a cursory review of the documents satisfies me that much of the material therein—which the Respondents have kept from the public—is in no way eligible for confidentiality under Rule 5.1. Therefore, I find, GE and BHGE have failed to timely file public versions of the Sealed Exhibits as required by Rule 5.1(f)(1). As a result, the Sealed Exhibits shall be made public in their entirety, as they were filed confidentially.[61] I note that the Sealed Exhibits, in their confidential form as

---

[59] Ct. Ch. R. 5.1(b)(3).

[60] D.I. 71, ¶ 2; D.I. 72, ¶ 8.

[61] *See generally* Ct. Ch. R. 5.1(d) ("Filing a public version. -- Except as otherwise provided in this Rule, the filer of a Confidential Filing shall file a public version within five days after making the Confidential Filing. In the absence of timely compliance with this Rule, the Confidential Filing shall become part of the public record, and the Register in Chancery shall make the Confidential

15

submitted to the Court, contain presumptively appropriate redactions for privilege and relevance, among other things; those redactions should persist, as they were never part of the record presented for Court review.

The unsealing of the Sealed Exhibits moots the continued confidential treatment of the redactions in the public versions of the motions at issue, because those redactions only served to keep information drawn from the Sealed Exhibits confidential. As a result, the confidential versions of the Redacted Filings should also be made public.

A further point is worth addressing here. GE and BHGE raise the concern that, if Tri State Fund is permitted to challenge confidentiality given its litigation interest, Rule 5.1 will be converted into a discovery tool for prospective litigants. Here Tri-State Fund previously submitted a Section 220 Demand to BGHE, which was rejected.[62] Tri-State Fund then brought a challenge to confidential treatment in this action to obtain documents pertinent to its investigation, and did so in lieu of perfecting its Section 220 rights. According to BHGE, the Petitioners in the underlying action gratuitously attached exhibits to their pleadings. Those exhibits were documents produced in discovery in the appraisal action according to a confidentiality stipulation; therefore, per the Respondent, they would have remained

---

Filing available for public access on the docket system to the same extent as any other public filing.").

[62] *See* D.I. 68, ¶ 9.

non-public and off the record had they not been gratuitously attached to the motions (or, had the matter not settled, been submitted at trial). As I have explained above, these exhibits will now be made public because the Respondents have not complied with Rule 5.1 in opposing the challenge. I note, however, if followed, Rule 5.1 adequately equips the court to keep truly confidential information non-public, regardless of any gamesmanship by parties.[63]

A litigant's concern that opposing counsel is filing extraneous confidential documents, in the hopes that such will be made public at a later date, would be considered when balancing the interests, as required by Rule 5.1. If the confidential documents are truly extraneous to the issue for which they were submitted, then there will be little to no public interest in reviewing them. Therefore, a showing of harm from disclosure of truly confidential information would suffice to keep such information confidential. While I never reached that balancing function, I note that the use of the documents as exhibits does not appear to have been gratuitous in connection with the motions in question. For example, the appraisal Petitioners attached to their Motion to Compel, as sealed exhibits, various board minutes produced by BHI, which had been produced, subject to a confidentiality agreement, to the Petitioners with redactions for privilege and relevancy. In their Motion to

---

[63] Furthermore, to the extent a party believes that an opposing party has acted in bad faith or with improper purpose, it may avail itself of other means of relief, such as a motion to strike or resort to Court of Chancery Rule 11.

Compel, the Petitioners challenged the extent of the redactions to those board minutes. It cannot be said that the filing of the redacted board minutes was extraneous, when they were the subject of the matter before the Court. Furthermore, after confidentially filing its Motion to Enforce, along with confidentially filed exhibits, the Petitioners moved to challenge the confidential treatment of the accompanying exhibits. While the Petitioners withdrew its Challenge and the Motion to Enforce when it entered into settlement with the BHI, absent the parties' agreement the Court would have had the opportunity to test both the public interest in, and the nature of, the exhibits' confidentiality. At that time, BHI would have had the opportunity to raise the prospect of gamesmanship when arguing against the public utility of disclosure, *after* complying in good faith with the strictures of Rule 5.1. The Respondents had the same opportunity in this proceeding.

### III. CONCLUSION

In sum, the Challenger filed a challenge to continued confidential treatment of documents filed in pleadings before the Court, the Respondents moved for continued confidential treatment, but no party filed a timely and compliant public version as required by Rule 5.1, and accordingly, the documents in question must be made available to the public. The parties should provide an appropriate form of order.